IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,** § § § | |
| Plaintiff, § | |
| § | Civil Action No. **3:21-cv-02184-L** |
| v. § | |
| § | |
| **RUDY AVILA et al.,** § § | |
| Defendants. § | |

# JUDGMENT

The court issues this judgment pursuant to its Memorandum Opinion and Order (Doc. 46), filed August 1, 2024, and Clarification Order (Doc. 47), filed August 7, 2024.  It is therefore, **ordered, adjudged, and decreed** that:

1. Defendants Avila, LIFT, CIG, and TTG ("CIG Defendants") each shall pay, jointly and severally, restitution in the amount of $3,626,751.90 to defrauded clients in the CIG Scheme ("CIG Restitution Obligation").

2. Defaulting Defendants Avila, TVG, CVG, and VGL ("Trading Ventures Defendants") each shall pay, jointly and severally, restitution in the amount of $1,814,720.41 to defrauded clients in the Trading Ventures Scheme ("Trading Ventures Restitution Obligation").

3. If the CIG Restitution Obligation and/or the Trading Ventures Restitution Obligation is not paid immediately, post-judgment interest shall accrue on the CIG Restitution Obligation or Trading Ventures Obligation, respectively, beginning on the date of entry of this Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 196.

**Judgment – Page 1**

4. In two related criminal actions, entitled *United States v. Avila*, Docket No. 3:21-cr-00168-M-1 (N.D. Tx 2021) and *United States v. Aguirre*, Docket No. 3:21-cr-00259-B (1) (N.D. Tx. 2022) ("Criminal Actions"), restitution has been ordered to be paid to certain of the same clients defrauded by CIG Defendants or Trading Ventures Defendants for the same underlying misconduct. For restitution amounts paid and disbursed to CIG clients or Trading Ventures clients in the Criminal Actions, CIG Defendants or Trading Ventures Defendants, respectively, shall receive a dollar-for-dollar credit against the CIG Restitution Obligation or Trading Ventures Restitution Obligation, respectively, in this matter to those same clients.

5. Within ten days of disbursement(s) in the Criminal Actions to the CIG clients or Trading Ventures clients, CIG Defendants or Trading Ventures Defendants, respectively, shall, under a cover letter that identifies the name and docket number of this proceeding, transmit to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, copies of the form of payment to CIG clients or Trading Ventures clients, respectively, in the Criminal Actions.

6. The CIG Restitution Obligation and the Trading Ventures Restitution Obligation may be paid to CIG clients or Trading Ventures clients, respectively, by CIG Defendants' agents, by Trading Ventures Defendants' agents, or by other third parties. Accordingly, for those restitution amounts paid and disbursed to CIG clients or to Trading Ventures clients, CIG Defendants or Trading Ventures Defendants shall receive a dollar-for-dollar credit against the CIG Restitution Obligation or Trading Ventures Restitution Obligation, respectively, in this matter to those same clients. If such restitution payments are disbursed, CIG Defendants or Trading Ventures Defendants, as applicable, shall, under a cover letter that identifies the name and docket number

of this proceeding, transmit to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581, and the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606, copies of the form of payment to CIG clients or Trading Ventures clients, as applicable.

7. To effect payment of the CIG Restitution Obligation and the Trading Ventures Obligation, and the distribution of any restitution payments to CIG clients and Trading Ventures clients, respectively, the Court has appointed the National Futures Association ("NFA") as Monitor ("Monitor"). The Monitor shall receive restitution payments from CIG Defendants and Trading Ventures Defendants and make distributions as set forth below. Because the Monitor is acting as an officer of this Court in performing these services, the NFA shall not be liable for any action or inaction arising from NFA's appointment as Monitor, other than actions involving fraud.

8. CIG Defendants shall make their CIG Restitution Obligation payment, and any post-judgment interest payment, under this Judgment to the Monitor in the name: "**CIG–SETTLEMENT/ RESTITUTION FUND,**" and Trading Ventures Defendants shall make their Trading Ventures Restitution Obligation payment, and any post-judgment interest payment, under this Judgment to the Monitor in the name: "**TRADING VENTURES–SETTLEMENT/ RESTITUTION FUND.**" CIG Defendants and Trading Ventures Defendants shall send such payments by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order, to the Office of Administration, National Futures Association, 300 South Riverside Plaza, Suite 1800, Chicago, Illinois 60606 under cover letter that identifies CIG Defendants or Trading Ventures Defendants, as applicable, and the name and docket number of this proceeding. Defendants shall simultaneously transmit copies of the cover letter

and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

9. The Monitor shall oversee the CIG Restitution Obligation and the Trading Ventures Restitution Obligation, and shall have the discretion to determine the manner of distribution of such funds in an equitable fashion to CIG clients or Trading Ventures clients, respectively, identified by the Commission or may defer distribution until such time as the Monitor deems appropriate. In the event that the amount of CIG Restitution Obligation or Trading Ventures Restitution Obligation payment(s) to the Monitor are of a *de minimis* nature such that the Monitor determines that the administrative cost of making a distribution to eligible clients is impractical, the Monitor may, in its discretion, treat such restitution payments as civil monetary penalty payments, which the Monitor shall forward to the Commission following the instructions for civil monetary penalty payment set forth below.

10. CIG Defendants and Trading Ventures Defendants shall cooperate with the Monitor as appropriate to provide such information as the Monitor deems necessary and appropriate to identify CIG clients or Trading Ventures clients to whom the Monitor, in its sole discretion, may determine to include in any plan for distribution of any CIG Restitution Obligation or Trading Ventures Restitution Obligation payments. Defendants shall execute any documents necessary to release funds that they have in any repository, bank, investment or other financial institution, wherever located, in order to make partial or total payment toward the CIG Restitution Obligation or Trading Ventures Restitution Obligation.

11. The Monitor shall provide the Commission at the beginning of each calendar year with a report detailing the disbursement of funds to CIG clients or Trading Ventures clients during the previous year. The Monitor shall transmit this report under a cover letter that identifies the name

and docket number of this proceeding to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

12. The amounts payable to each CIG client or Trading Ventures client shall not limit the ability of any CIG client or Trading Ventures client, respectively, from proving that a greater amount is owed from CIG Defendants, Trading Ventures Defendants, or any other person or entity, and nothing herein shall be construed in any way to limit or abridge the rights of any CIG client or Trading Ventures client that exist under state or common law.

13. Pursuant to Rule 71 of the Federal Rules of Civil Procedure, each client of CIG Defendants or Trading Ventures Defendants who suffered a loss is explicitly made an intended third-party beneficiary of this Judgment and may seek to enforce obedience of this Judgment to obtain satisfaction of any portion of the restitution that has not been paid by CIG Defendants or Trading Ventures Defendants to ensure continued compliance with any provision of this Judgment and to hold CIG Defendants or Trading Ventures Defendants in contempt for any violations of any provision of this Judgment.

14. To the extent that any funds accrue to the U.S. Treasury for satisfaction of the CIG Restitution Obligation or Trading Ventures Restitution Obligation, such funds shall be transferred to the Monitor for disbursement in accordance with the procedures set forth above.

15. Defendants LIFT, TTG, TVG, CVG, and VGL each shall pay a civil monetary penalty ("CMP") in the amount of $429,028. Defendants CIG and TVG each shall pay a CMP in the amount of $858,056. Defendant Avila will pay a CMP monetary penalty in the amount of $1,525,831.05.

16. If any of Defendants' CMP obligations is not paid immediately, then post-judgment interest shall accrue on the Defendant's CMP obligation beginning on the date of entry of this

Judgment and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Judgment pursuant to 28 U.S.C. § 1961.

17. Defendants each shall pay their CMP obligations and any post-judgment interest, by electronic funds transfer, U.S. postal money order, certified check, bank cashier's check, or bank money order.  If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to the Commodity Futures Trading Commission and sent to the address below:

> MMAC/ESC/AMK326
> Commodity Futures Trading Commission
> Division of Enforcement
> 6500 S. MacArthur Blvd.
> HQ Room 181
> Oklahoma City, OK 73169
> (405) 954-6569 office
> (405) 954-1620 fax
> 9-AMC-AR-CFTC@faa.gov

If payment by electronic funds transfer is chosen, Defendants shall contact Marie Thorne or her successor at the address above to receive payment instructions and shall fully comply with those instructions.  Each Defendant shall accompany payment of each of their individual CMP obligations with a cover letter that identifies each Defendant and the name and docket number of this proceeding.  Each Defendant shall simultaneously transmit copies of the cover letter and the form of payment to the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581.

18. Acceptance by the Commission/CFTC or the Monitor of any partial payment of the CIG Restitution Obligation, Trading Ventures Restitution Obligation, or any CMP obligation shall not be deemed a waiver of Defendants' obligations to make further payments pursuant to this

Judgment, or a waiver of the Commission/CFTC's right to seek to compel payment of any remaining balance.

19. All notices required to be given by any provision in this Judgment shall be sent certified mail, return receipt requested, as follows:

*Notice to Commission*:

**Manal Sultan**
Deputy Director, Division of Enforcement
290 Broadway, 6th Floor
New York, New York 10007

*Notice to Defendants*:

**Rudy Avila**
FMC Fort Worth
3150 Horton Road
Fort Worth, TX  76119
Register Number: 10709-509

**LIFT**
c/o Rudy Avila
FMC Forth Worth
3150 Horton Road
Fort Worth, TX  76119
Register Number: 10709-509

**CIG Internacional Sociedad Anonima**
c/o Texas Secretary of State
Service of Process
P.O. Box 12079

**TTG**
c/o Rudy Avila
FMC Forth Worth
3150 Horton Road
Fort Worth, TX  76119
Register Number: 10709-509

**TVG**
c/o Quincy Kensedri Mixon
FCi Beaumont Low
5560 Knauth Road
Beaumont, TX  77705

**CVG**
c/o Ivan Calvo Aguirre
FCI Seagoville
2113 North Hwy 175
Seagoville, TX  75159
Register Number: 62671-509

**VGL**
c/o Rudy Avila
FMC Forth Worth
3150 Horton Road
Fort Worth, TX  76119
Register Number: 10709-509

*Notice to NFA*:

**Daniel Driscoll, Special Policy Advisor**
National Futures Association
300 South Riverside Plaza, Suite 1800
Chicago, IL 60606

All such notices to the Commission or the NFA shall reference the name and docket number of this action.

20. Until such time as Defendants satisfy in full their CIG Restitution Obligation and Trading Ventures Restitution Obligation and the CMP obligations as set forth in this Judgment, Defendants shall provide written notice to the Commission by certified mail of any change to their telephone numbers and mailing addresses within ten calendar days of the change.

21. If any provision of this Judgment or if the application of any provision or circumstance is held invalid, then the remainder of this Judgment and the application of the provision to any other person or circumstance shall not be affected by the holding.

22. This court shall retain jurisdiction of this action to ensure compliance with this Judgment and for all other purposes related to this action, including any motion by Defendants to modify or for relief from the terms of this Judgment. While the court retains jurisdiction, such

jurisdiction is for a reasonable time to enforce the Judgment, if necessary. The court, however, will not retain jurisdiction of this action indefinitely.

23. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants are permanently **restrained**, **enjoined** and **prohibited** from directly or indirectly:

(1) cheating or defrauding or attempting to cheat or defraud other persons; willfully making or causing to be made to other persons any false report or statement or willfully to entering or causing to be entered for other persons any false record; or willfully deceiving or attempting to deceive the other persons by any means whatsoever in regard to any order to make, or the making of, any contract of sale of any commodity in interstate commerce or for future delivery that is made, or to be made, on or subject to the rules of a designated contract market, for or on behalf of any other person, or in regard to any act of agency performed, with respect to any order or contract for any other person in violation of Section 4b(a)(1)(A), (B), (C), 7 U.S.C. § 6b(a)(1)(A), (B), (C).

(2) cheating or defrauding or attempting to cheat or defraud other persons; willfully making or causing to be made to other persons any false report or statement or willfully to entering or causing to be entered for other persons any false record; or willfully deceiving or attempting to deceive the other persons by any means whatsoever, in or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery that is made, or to be made, for or on behalf of, or with, any other person other than on or subject to the rules of a designated contract market, or in regard to any act of agency performed, with respect to any order or contract for any other person in violation of Section 6b(a)(2)(A), (B), (C), 7 U.S.C. §§ 6b(a)(2)(A), (B), (C).

(3) cheating or defrauding or attempting to cheat or defraud any person; willfully making or causing to be made to any person any false report or statement or causing to be entered for any person any false record; or willfully deceiving or attempting to deceive any person by any means whatsoever by use of the mails or by any means or instrumentality of interstate commerce, directly or indirectly, in or in connection with any retail foreign exchange transaction in violation of Commission Regulation 5.2(b), 17 C.F.R. § 5.2(b) (2024).

(4) cheating or defrauding or attempting to cheat or defraud any other person; making or causing to be made to any other person any false report or statement thereof or cause to be entered for any person any false record thereof; or deceiving or attempting to deceive any other person by any means whatsoever in or in connection with an offer to enter into, the entry into, the confirmation of the execution of, or the maintenance of, any commodity option transaction, which is of the character of, or is commonly known in the trade as, an "option," "bid," "offer," "put" or "call," in violation of 7 U.S.C. § 6c(b) and 17 C.F.R. § 33.10 (2024).

**Judgment – Page 9**

24. Pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, Defendants CIG and TVG are permanently **restrained**, **enjoined** and **prohibited** from directly or indirectly:

(1) employing any device, scheme, or artifice to defraud any client or participant or prospective client or participant; or engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant in violation of 7 U.S.C. § 6*o*(1)(A) and (B).

(2) for compensation or profit, engaging in the business of advising others, either directly or through publications, writings, or electronic media, as to the value of or the advisability of trading in any contract of sale of a commodity for future delivery and/or trading in any commodity options, while failing to register with the Commission in violation of 7 U.S.C. § 6m(1), 17 C.F.R. § 5.3(a)(3) (2024).

25. Defendants are also permanently **restrained**, **enjoined** and **prohibited** from directly or indirectly:

(1) Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40));

(2) Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2024)), for its own personal account or for any account in which it has a direct or indirect interest;

(3) Having any commodity interests traded on its behalf;

(4) Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

(5) Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

(6) Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2024); and/or

(7) Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2024)), agent, or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in 17 C.F.R. § 4.14(a)(9)(2024).

26. The injunctive and equitable relief provisions of this Judgment shall be binding upon Defendants, any person under the authority or control of any of the Defendants, and any person who receives actual notice of this Judgment, by personal service, e-mail, facsimile, or otherwise insofar as he or she is acting in active concert or participation with Defendants.

The court **directs** the clerk of court to enter this Judgment forthwith and without further notice.

**Signed** this 7th day of August, 2024.

Sam A. Lindsay
United States District Judge